**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IMAAN INTERNATIONAL, INC., and MOHAMMAD AMID AWAN §<br>    Plaintiffs, § § § <br>v. § § <br>DEPARTMENT OF HOMELAND SECURITY, THROUGH ITS ACTING SECRETARY, KEVIN MCALEENAN, § § § § <br>UNITED STATES OF AMERICA, THROUGH THE ATTORNEY GENERAL WILLIAM BARR, § § § § § § <br>AND § § <br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, THROUGH ITS ACTING DIRECTOR, KENNETH CUCCINELLI <br>    Defendants. | CIVIL ACTION NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Imaan International, Inc. ("Imaan"), and Mohammad Amin Awan (Mr. Awan") (collectively, "Plaintiffs"), by and through their undersigned counsel, and file this Plaintiffs' Original Complaint and would respectfully show the Court the following:

### I.   INTRODUCTION

1. This is a civil action for relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, the Mandamus Act, 28 U.S.C. §1361, and the Declaratory Judgment Act, 28 U.S.C. §2201. Plaintiffs seek a judicial declaration that Defendants' actions in wrongfully denying Plaintiffs' I-140 petitions, concurrently filed Form I-485 application packages, and

subsequent Appeals and Motions to Reopen/Reconsider (MTRs) were arbitrary, capricious, an abuse of discretion, and not in accordance with the law.  The APA provides that a federal court shall hold unlawful and set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  This standard of review demands that "when the agency has 'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise'", said agency action should be overturned.  *Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir. 2001) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  As demonstrated below, all four of those essential factors apply in this case.

2. Plaintiffs further seek an order compelling Defendants to approve the I-140 petitions filed on behalf of Mr. Awan by Imaan, based upon the evidence previously submitted, and the Form I-485 Adjustment of Status applications (and accompanying applications for employment and travel authorization) concurrently submitted with the initial petition.

## II.   JURISDICTION AND VENUE

3. Jurisdiction in this case is proper under 28 U.S.C. §1331 because the denial of an I-140 Immigrant Petition for Alien Worker, the accompanying Form I-485 Adjustment of Status packages, and the subsequent appeals and motions seeking reopening/reconsideration thereof are federal questions. Agency actions are generally reviewable under federal question jurisdiction pursuant to 28 U.S.C. §1331. *Califano v.*

*Sanders*, 430 U.S. 99, 105 (1977). Except where federal statutes specifically preclude review, 28 U.S.C. §1331 "confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate. *Califano v. Sanders*, 430 U.S. 99, 105 (1977); *Reno v. Catholic Soc. Servs., Inc*., 509 U.S. 43, 56-57 (1993).

4. Further, jurisdiction exists under the Mandamus Act, 28 U.S.C. §1361 because Plaintiffs seek relief in the form of a writ of mandamus to compel agents of the United States government to perform a ministerial duty owed to Plaintiffs.

5. The requested relief is further authorized under the Administrative Procedures Act ("APA"), 5 U.S.C. §706 et seq. which empowers the reviewing court to "compel agency action unlawfully withheld..."

6. The relief sought is further authorized by the Declaratory Judgment Act, 28 U.S.C. §2201.

7. Pursuant to 28 U.S.C. §1391 (e)(1)(C), venue is proper in this district because Defendants Kevin McAleenan and Kenneth Cuccinelli are being sued in their official capacities as officers of an agency of the United States, and this is a civil action brought against the United States as a Defendant.

### III.   PARTIES

8. Plaintiff Mohammad Amin Awan currently resides in Annapolis, Maryland. Plaintiff Imaan International, Inc. is a corporation located in Baltimore, Maryland.

9. The United States of America may be served by sending a copy of the summons and this Complaint to William Barr, the Attorney General for the United States Department of Justice, at U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC

20530-0001 and the Washington D.C. branch of the United States Attorneys' Office at 555 4th St. NW, Washington, DC 20530.

10. Kevin McAleenan, Acting Secretary of the Department of Homeland Security ("DHS"), may be served by sending a copy of the summons and this Complaint to: Office of the General Counsel, United States Department of Homeland Security, Washington, D.C. 20528.

11. Kenneth Cuccinelli, Acting Director of the United States Citizenship and Immigration Services ("USCIS"), may be served by sending a copy of the summons and this Complaint to: Office of the General Counsel, U.S. Department of Homeland Security, Washington, D.C. 20528.

## IV.   PROCEDURAL HISTORY

12. On December 26, 2006, Imaan filed an Immigrant Petition for Alien Worker (Form I-140) on behalf of Mr. Awan seeking his services as an economist under Section 203(b)(2) of the Immigration and Nationality Act.[1]  Imaan concurrently filed Forms I-485, Adjustment of Status, for both Mr. Awan[2] and his spouse, Azmat Awan[3], along with accompanying employment authorization and travel applications.  In support of the I-140 petition and accompanying applications, Imaan submitted evidence, including the necessary Labor Certification, establishing that Mr. Awan met the requirements of 8 U.S.C. § 1153(b)(2).  The petition showed that Mr. Awan holds an advanced degree or its equivalent as contemplated by the regulation, that he had the requisite experience required for the position, and that Imaan was able to pay the prevailing wage for the position.

---

[1] File Number: SRC0705851645
[2] File Number: SRC0705851590
[3] File Number: SRC0705851811

13. Despite that evidence, on March 25, 2009, nearly 27 months after the Form I-140 petition and accompanying I-485 application packages had been submitted, the USCIS denied the petition and the concurrently submitted applications claiming that sufficient required initial evidence of Mr. Awan's experience and academic record had not been provided.

14. On April 21, 2009, Imann submitted a Form I-290B Notice of Appeal or Motion, appealing the decision to the USCIS' Administrative Appeals Office (AAO), pointing out that the USCIS had erred in finding that the beneficiary had failed to provide evidence of his advanced degree and of his required experience, and that the denial was issued without a Request for Evidence (RFE), depriving the petitioner of an opportunity to respond with additional evidence.  The AAO dismissed the appeal on October 6, 2011, retroactively applying *Removal of Standardized Request for Evidence Processing Timeframe*, 72 Fed. Reg. 19100, 19102 (April 17, 2007) to justify the USCIS' failure to request additional evidence, despite the initial petition having been submitted nearly five months prior to that rule going into effect.  Despite numerous requests, the AAO has never provided Plaintiffs or their counsel with a copy of that decision.

15. On July 2, 2012, Imaan filed a second Immigrant Petition for Alien Worker (Form I-140) on behalf of Mr. Awan, again seeking his services as an economist under Section 203(b)(2) of the Immigration and Nationality Act.[4]  The petition included a copy of Mr. Awan's undergraduate Bachelor of Arts degree, received from the University of Sindh in Pakistan in 1972, and of his Master of Arts degree in International Relations from the University of Karachi, Pakistan, in 1975, as well as documentation showing that these two

---

[4]   File Number: SRC1290323471

degrees have been evaluated by experts as equivalent to a Bachelor's Degree in International Relations at an accredited institution of higher learning in the United States.

16.     In support of the I-140 application, Imaan submitted evidence, including the necessary Labor Certification, establishing that Mr. Awan met the requirements of 8 U.S.C. § 1153(b)(2).  The petition again showed that Mr. Awan holds an advanced degree or its equivalent as contemplated by the regulation[5], that he had the requisite experience required for the position, and that Imaan was able to pay the prevailing wage for the position.

17.     Despite clear evidence in the record meeting the regulatory standard, Defendants inexplicably denied the I-140 petition on March 13, 2017, on the sole basis that "the petitioner has failed to establish that the beneficiary has a full, standalone master's degree in either economics or international relations."  The denial also noted what the agency considered "inconsistencies in the record," though it failed to state how these alleged "inconsistencies" were related to the denial decision, instead repeatedly implying – without any basis – that said "inconsistencies" constituted either untrue statements or knowingly and willfully falsifying or concealing a material fact.

18.     Imaan submitted a Form I-290B Motion to Reopen/Reconsider (MTR) on April 14, 2017,[6] detailing Defendants' failure to follow the law and giving them an opportunity to either reopen the case based upon additional evidence or reconsider and apply the proper legal standard.  On June 8, 2017, the Director issued a decision affirming the denial.  On July 7, 2017, Imaan submitted a second MTR.[7]  The Director issued another denial on

---

[5]     "(2) *Definitions*. As used in this section: *Advanced degree* means any United States academic or professional degree or a foreign equivalent degree above that of baccalaureate. ***A United States baccalaureate degree or a foreign equivalent degree followed by at least five years of progressive experience in the specialty shall be considered the equivalent of a master's degree***." 8 C.F.R. § 204.5(k)(2). (Emphasis added).
[6] File Number: SRC1790413670.
[7.] File Number: SRC1790601646

October 19, 2017.  On November 17, 2017, another MTR was submitted. [8]  The Director issued yet another denial on May 10, 2018.  Imaan submitted another MTR on June 1, 2018, which explained why said decision was in error.[9]  This error was compounded when the agency, on January 3, 2019, issued a denial based upon those same errors.  Finally, on January 30, 2019, Imaan submitted one final MTR which, again, explained the previous denials' faulty reasoning and improper application of law.[10]  Once again, on February 19, 2019, the agency issued a denial, based upon the same faulty reasoning and either ignoring or willfully mischaracterizing the content of the Motion and the evidence in the record.

### III.    CAUSES OF ACTION

**Count 1: (All Defendants): "a master's degree in either economics or international relations and sixty (60) months of related work experience" were not and are not "required for the proffered position", and that requirement is unsupported by the administrative record, making this assertion, arbitrary, capricious, an abuse of discretion, and otherwise not in compliance with law**

19.     Plaintiffs incorporate paragraphs 1 through 18 as if fully stated in this Count.

20.     This purported reason for denial has no basis.  First, the stated "requirement" is not found in the submitted ETA Form 9089.  In that form, the relevant questions are answered as follows:

> H8: Is there an alternate combination of education and experience that is acceptable? Answer: No
> H9 Is a foreign educational equivalent acceptable? Answer: Yes
> H10: Is experience in an alternate occupation acceptable? Answer: Yes

---

[8] File Number: SRC1890105236.
[9] File Number: SRC1890505646
[10.] File Number: SRC1990200200

> H10-A: If Yes, number of months experience in alternate occupation required. Answer: 60.

21. The Defendants assert the Plaintiff's "no" answer in response to question H8 "*mandates* that sixty (60) months in "[f]inancial or [b]udgeting [m]anagement" would be necessary to qualify for the job offered the beneficiary", but that must be wrong. (Emphasis added). Each answer in the form must be mutually exclusive from the others for the questions to make sense. If the *combination* of experience and education is not acceptable, then the other answers in the form need to be read in that same light. Questions H9 and H10 state that *either* a foreign educational equivalent *or* sixty months experience in a financial, budgeting, or management field are acceptable as an *alternative* to the formal educational requirements. Therefore, the entire stated basis for the initial denial of the Form I-140 petition – that "a master's degree in either economics or international relations and sixty (60) months of related work experience were required for the proffered position" – is incorrect, and Defendants have, "offered an explanation for its decision that runs counter to the evidence before the agency," making the Decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Pac. Coast* at 1034.[11]

22. If, as Defendants repeatedly state, "the lone standards of the formal educational and work experience requirements expressly stated on the ETA Form 9089 must and will be accepted." Then the alternative, stand-alone requirements in questions H4, H9, and H10 "must and will" be accepted, and Mr. Awan meets at least one, if not all three of them.

---

[11] In addition, the answer to Part H6 of the form specifically notes that *no* experience is *required* for the job. If, as the USCIS insists, the Form 9089 determines the requirements, then the answer offered in H6 – by itself – means their interpretation of question H8 must be wrong.

**Count 2: (All Defendants): The finding that "USCIS could not accept the claim by the petitioner that they erred when completing Part H8 of the ETA Form 9089" is arbitrary, capricious, abuse of discretion, and otherwise not in compliance with law**

23.     Plaintiffs incorporate paragraphs 1 through 22 as if fully stated in this Count.

24.     As explained in both the response to the first RFE issued in relation to the July 2012 petition[12], and in the MTRs submitted since, the answer to Part H8 of the Form 9089 was made in error.  The record reflects that Imaan considered a combination of experience and degree as an alternative to a U.S. master's degree – multiple affidavits in the record have made that clear.[13]  Defendants have insisted that, "USCIS cannot now alter any requirement or other portion of the ETA Form…  The act of checking the box 'No' in part H8 of the ETA Form 9089 is not a 'reversible error' as alleged in the motion"

25.     The law, however, demonstrates it *is* a "reversable error", and that the USCIS has not followed the legal requirements in dealing with such an error.  As the case on this point, *Madany v. Smith*, 696 F.2d 1008 (D.C. Cir. 1983) puts it:

> "INS will need the sensitivity to coordinate DOL and INS interpretations and to follow the Act's directive to consult with DOL ***when correctable discrepancies between the alien's qualifications and the labor certification job requirements appear***."

*Madany v. Smith*, 696 F.2d 1008, 1015 (D.C. Cir. 1983). (Emphasis added).

26.     Defendants claim there is a discrepancy between the job requirements listed and Mr. Awan's qualifications.  Therefore, under *Madany*, the law requires them to "consult with DOL" to handle any "correctable discrepancies." *Id.*  The record reflects that the USCIS has not done so.  *Madany* suggests that the answer in Part H8 as the USCIS is

---

[12] File Number: SRC1290323471

[13] Of course, as has already been pointed out, the Form 9089 also indicates that either a foreign equivalent degree or 60 months of experience in a related occupation would, be itself, also be a viable alternative.

interpreting is "correctable" – if only they had followed the "Act's directive" and conferred with the Department of Labor – meaning the agency's assertion that the answer is not "reversible error" has "relied on factors which Congress has not intended it to consider," making it once again, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Pac. Coast* at 1034.[14]

**Count 3 (All Defendants): Mr. Awan holds a Master's Degree in International Relations, as defined by the regulations, so the assertion that, "the petitioner did not establish that the beneficiary had a master's degree in either economics or international relations," is arbitrary, capricious, abuse of discretion, and otherwise not in accordance with law**

27.    Plaintiffs incorporate paragraphs 1 through 26 as if fully stated in this Count.

28.    Mr. Awan has a "master's degree" as defined by the regulation.

29.    Mr. Awan has the foreign equivalent of a bachelor's degree (as Defendants readily admit) and at least five years of progressive experience, which together, by regulatory definition, "*shall be* considered the equivalent of a master's degree." 8 C.F.R. §204.5(k)(2). (Emphasis added). *Even if* a combination of education and experience was insufficient under the answers on Form 9089 (despite the evidence to the contrary), he has a U.S. Master's Degree as defined. Moreover, even if the degree was to be considered a "foreign equivalent", question H9 states that is an acceptable alternative.[15] In other words, Defendants' statement here has both, "relied on factors which Congress has not intended it to consider," and, "offered an explanation for its decision that runs counter to the evidence

---

[14] That being said, as explained in detail above, even if held to the answers on the Form 9089, as the USCIS insists, the beneficiary meets the qualifications listed, making this something of a moot point.

[15]. Moreover, even if Plaintiff Awan did *not* have a Masters' Degree as contemplated by the regulation, the answer to question H10 in Form 9089 indicating that 60 months of experience is acceptable as an alternative to said degree qualifies him for the position.

before the agency", making it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Pac. Coast* at 1034.

**Count 4 (all Defendants): Defendants' assertion that, "the beneficiary would still have been considered as an employee of Hirjah despite the lack of compensation" and dismissal of the reasons for that lack of compensation are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law**

30.   Plaintiffs incorporate paragraphs 1 through 29 as if fully stated in this Count.

31.   Defendants, in the denial of the July, 2012 petiton and in subsequent denials since then, claim that though he was not compensated, Mr. Awan's remote assistance for his company, Hirjah, from Canada in 2003 and 2004 "is counterintuitive and unusual in the job world," and therefore is an "inconsistency" in the record.  Mr. Awan explained in the July 7, 2017 MTR [16] the reason he was not compensated for his work while in Canada – namely, that "the beneficiary was in Toronto waiting on his E2 Visa to be stamped…His attorney advised him that he was not entitled to have a paid job".  Despite Defendants' assertion his lack of compensation is, "counterintuitive and unusual in the job world," Mr. Awan assisted Hirjah without pay to comply with the very U.S. immigration regulations the USCIS is charged with enforcing.  Moreover, the USCIS is ignoring how "employee" is defined by its own regulations:

> "The term employee means an individual who provides services or labor for an employer ***for wages or other remuneration*** but does not mean independent contractors as defined in paragraph (j) of this section or those engaged in casual domestic employment as stated in paragraph (h) of this section;"

---

[16] File Number: SRC1790601646.

Amin Awan – Complaint

8 C.F.R. § 274a.1(f) (Emphasis added).

32. The Defendants' assertion that, "the beneficiary would still have been considered as an employee of Hirjah despite the lack of compensation," is wrong. Under the regulatory definition, an employee must work "for wages or other compensation". Defendants have repeatedly acknowledged that Mr. Awan received no compensation – they made a point of stating how unusual they found the arrangement – so once again they have, "relied on factors which Congress has not intended [them] to consider," and, "offered an explanation for [their] decision that runs counter to the evidence before the agency," rendering this assertion arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Pac. Coast* at 1034.

33. Finally, Mr. Awan's work assisting Hirjah (and, for that matter, MMI) has no bearing on his case. As was noted in *Matter of Conca D'oro*, 2011-PER-02964 (BALCA June 5, 2014), so long as there is "sufficient information based on what the beneficiary had already supplied to meet the employer's attestation that [he] had the required experience," that is enough. *Matter of Conca D'oro*, 2011-PER-02964 (BALCA June 5, 2014). Even without the Hirjah experience, the record sufficiently shows Mr. Awan has a great deal more than the minimum 60 months of experience.

**Count 5 (All Defendants): The claim that petitioner company's involvement in real estate and investment is an "inconsistency" is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.**

34. Plaintiffs incorporate paragraphs 1 through 33 as if fully stated in this Count.

35. Defendants have consistently referred to Plaintiff Imaan's characterization of its business as being involved in real estate and investment as an "inconsistency", but the

12

Amin Awan – Complaint

administrative record does not support that. The sole evidence upon which this alleged inconsistency rests is Question 2b on the IRS Form 1120 Schedule K, in which Imaan lists their "Product or service" as "Gasoline". As is demonstrated in the very same tax forms, and explained in the affidavit submitted with the first Motion to Reconsider/Reopen[17], Imaan International, Inc. "created Eagle Mart and invested in land to make the store." That, in and of itself, demonstrates that they are *also* involved in real estate and investment – they purchased the land (with its gasoline pumps) upon which the store was constructed.

36. Putting aside plans to purchase more land and develop more stores, Imaan's business involves both real estate investment **and** gasoline retailing. IRS Form 4562 confirms this – the land and station are listed as "nonresidential real property" they own. The Defendants are here "cherry picking", choosing to highlight answers on the tax return which appear to support their position, but ignoring the rest of the information.

37. The USCIS claims this constitutes an alleged "inconsistency" by making the unsupported assertion that, "under the line of thinking used in the record, essentially all businesses operating gasoline and convenience stores would be considered real estate and investment firms." This is untrue – many gas stations are rented by their operators and run under a franchise model, or the owner of a gas station may hire another company to handle operations. Imaan instead purchased the land and built upon it – in other words, it purchased real estate and invested in its development.

38. The Defendants' reasoning puts Imaan between the proverbial "rock and a hard place." If the company listed their business as "gasoline", Defendants could claim their

---

[17]   File Number: SRC1790413670.

purchase of land and development of a service station demonstrated real estate and investment. As it is, Defendants claim that Imaan simply sells gasoline and that there is no involvement in real estate. The administrative record clearly shows that they do both. The Defendants have, "entirely failed to consider an important aspect of the problem," and have once again, "offered an explanation for [their] decision that runs counter to the evidence before the agency," further rendering their actions arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Pac. Coast* at 1034.

### Count 6 (All Defendants): The denials of the Motions to Reconsider submitted by the Plaintiff are based upon both a misreading of the record and of Form I-290B, rendering them arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law

39. Plaintiffs incorporate paragraphs 1 through 38 as if fully stated in this Count.

40. As is noted above, Plaintiffs have submitted no fewer than five different MTRs since the initial erroneous denial of the second Form I-140 petition. Each of these has been denied. Beginning with the denial of the November 17, 2017 Motion to Reopen/Reconsider[18], the Defendants have ignored the case's merits to rely upon a plainly erroneous reading of the Form I-290B submitted with that MTR to justify their denial of all of the subsequent motions. That denial of that MTR alleged that it was untimely, stating that "the petitioner failed to timely file the motion to reconsider within 30 days of the denial of Form SRC1290323471". As was pointed out in the June 1, 2018 MTR[19] – the petitioner

---

[18]. File Number: SRC1890105236.
[19]. File Number: SRC1890505646

was seeking reconsideration of file number SRC1790601646, the MTR which had been filed in November of 2017, *not* file number SRC1290323471.  The Form I-290B listed receipt number 1790601646 in Part 1, Item 4, and the MTR specifically stated that "This Motion to Reconsider explains the agency's error in its denial, and why the Director should reconsider the Motion to Reconsider filed on November 17, 2018."  The June 1, 2018, MTR was written under the assumption that the USCIS had simply misread the number and committed a clerical error, since the denial referenced the wrong receipt number.

41.     The Defendants then denied the June, 2018 MTR on January 3, 2019, claiming that "Form I-140" being listed on the Form I-290B for the November 17, 2017 motion makes it untimely.  Given that the I-290B submitted in November *specifically references* SRC1790601646 – the receipt number the USCIS issued in relation to the July 10, 2017 MTR – and includes October 10, 2017 as the decision date, that is clearly incorrect.  Despite its unequivocally showing petitioner indicated *precisely* the decision to be reconsidered, nothing other than the "Form I-140" on the form is noted in any of the denials, and – since the SRC1290323471 was not referenced in the I-290B – the USCIS must have actually had to go back into the record and look up that initial number in order to allege it was the subject of the MTR, instead of acknowledging the clearly referenced and correct file number, SRC1790601646.

42.     Form I-290B also asks the petitioner to list the "Specific Classification Requested".  That request for classification is part of the initial Form I-140, which is, ultimately, the decision the agency is being asked to reopen/reconsider, hence Form I-140 is listed on the I-290B submitted in November.  Form I-290B cannot be used to request a classification on its own.

15

Amin Awan – Complaint

43.     Finally, the Form I-140 is among the suggested forms listed on the I-290B, but the Form I-290B itself is not. The latest revision of the Form I-290B asks for the "USCIS Form for the Application or Petition That is the Subject of This Appeal or Motion". As Form I-290B neither application nor petition, the question indicates that the form for the underlying petition, Form I-140, should be entered here.

44.     Further, in the denial of the latest MTR,[20] the Defendants make this patently false finding:

> "The petitioner did not provide a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court nature, date, and status or result of the proceeding, and did not provide any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy"

This finding is false. The MTR in question stated the following:

> "The validity of the unfavorable decision has not been and is not the subject of any judicial proceeding. The petitioner also can point to decisions pertinent to said bases, namely *Huck v. Attorney General*, 676 F.Supp. 10 (D.D.C. 1987), which states:
>
> > 'Congress, in enacting the Immigration and Nationality Act, committed decisions as to alien and resident status to the sound discretion of the Attorney General and his delegates, including the Commissioner of INS… But the discretion exercised by INS over such matters, while considerable, is not unbridled. The reviewing court must ensure that the agency has ***'articulate[d] a reasoned basis for its decisions***,' *Santana-Figueroa v. INS*, 644 F.2d 1354, 1357 (9th Cir. 1981); that it ***has confronted plaintiff's claims in serious and sincere fashion***, *Prapavat v. INS*, 662 F.2d 561, 562 (9th Cir. 1981); and that it has ***undertaken 'explicit administrative consideration of evidentiary materials in the record***,' *Chen v Attorney General*, 546 F.Supp. 1060, 1064 (D.D.C.1982).'
>
> *Huck v. Attorney General*, 676 F.Supp. 10, 11 (D.D.C. 1987). (Emphasis added).

---

[20.] File Number: SRC1990200200

> As has been exhaustively explained above, the agency here failed, at the very least, to 'articulate a reasoned bases (sic) for its decisions', and its failure to acknowledge that the petitioner provided them with the receipt number of the exact decision to be reconsidered demonstrates that the USCIS also has not 'undertaken 'explicit administrative consideration of evidentiary materials in the record''. *Id.*"

45. It is clear from this statement from the denial that the Defendants have continued to eschew this very court's guidance in *Huck*, as they have clearly not "undertaken 'explicit administrative consideration of evidentiary materials in the record'" *Id*.

46. Defendants have failed to follow their own rules and guidelines in evaluating the I-140 petitions and the MTRs which followed, and have wrongfully and arbitrarily denied the I-140 petitions and those subsequent MTR's based thereon without any valid basis, making it necessary for Plaintiffs to file this lawsuit to seek relief.

## VI.   CLAIMS AND RELIEF SOUGHT

47. Defendants wrongfully and capriciously denied Plaintiffs' I-140 petitions and accompanying Form I-485 application packages, without any valid basis for doing so. By their wrongful denial of these petitions and applications, Defendants have deprived Plaintiffs of the benefits of Mr. Awan's permanent legal resident status and the accompanying peace of mind. Defendants' wrongful denial of the petitions and applications is continuing to harm Plaintiffs by denying these rights and benefits. Plaintiffs respectfully move this Court to issue an order that Defendants follow the law and approve the I-140 petitions and concurrently filed I-485 adjustment of status application packages based upon the evidence previously submitted in support of the petitions, the applications, and the subsequent appeals and motions.

48. Plaintiffs further seek relief pursuant to the Administrative Procedure Act ("APA") 5 U.S.C. §706. The APA entitles the reviewing court to compel agency action unlawfully withheld and unreasonably delayed, hold unlawful and set aside agency findings determined to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, unsupported by substantial evidence, or unwarranted to the facts. Plaintiffs respectfully move this Court to issue an order approving the I-140 petitions and accompanying Form I-485 application packages based on the fact that the approval of the petitions has been unlawfully withheld and unreasonably delayed by Defendants and is further arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with the law, unwarranted to the facts, and unsupported by substantial evidence.

49. Plaintiffs further seek relief pursuant to the Mandamus Act, 28 U.S.C. §1361. Defendants owe Plaintiffs a duty to evaluate the I-140 petitions in a manner that is not capricious, arbitrary, and inconsistent with applicable legal precedent regarding the manner of evaluation as well as their own internal guidelines and policies. Defendants further owe Plaintiffs a duty to resolve the petitions in a timely fashion without undue and unreasonable delay, and to not wrongfully deny the petitions and accompanying Form I-485 application packages when there is no valid basis for doing so. Plaintiff respectfully moves the Court to order Defendants to perform these acts. No other adequate remedy is available to Plaintiffs.

50. Plaintiffs further seek relief pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act. The wrongful denial of the I-140 petitions and concurrently submitted Form I-485 adjustment of status application packages is an actual controversy within the jurisdiction of the Court. Moreover, the Court has the power to make this declaration "whether or not

other or further relief could be sought." 28 U.S.C. §2201 (a). Accordingly, Plaintiffs respectfully request that the Court issue a declaratory judgment compelling Defendants to approve their I-140 petitions and accompanying Form I-485 application packages.

51. All applicable conditions precedent have been performed or have occurred.

52. Plaintiffs are entitled to recover costs, expenses, and reasonable attorney fees from all Defendants pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act, and are seeking to recover same.

## VII.   PRAYER

WHEREFORE, Plaintiffs respectfully move the Court to grant Plaintiffs' I-140 petitions and accompanying Form I-485 application packages, to award Plaintiffs' reasonable expenses, costs, and attorney fees, and for any and all further relief to which Plaintiffs may show themselves justly entitled.

**Respectfully submitted,**

**/s/ Bruce A. Coane**
Bruce A. Coane
Texas Bar No. 04423600
D.C. District Court No. TX0177
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Tel:   713-850-0066
Fax:   713-850-8528

**OF COUNSEL:**

**/s/ Matt Gaffron**
Matt Gaffron

Texas Bar No. 24089112
SD TX No. 2850252
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Tel:    713-850-0066
Fax:    713-850-8528

**ATTORNEYS FOR PLAINTIFFS**